In re LANGLEY.

CONSTITUTIONAL LAW. *Ch.* 273, *Laws of* 1874, *held valid.*

The petitioner was held in custody under a criminal warrant issued by a justice of the peace, founded upon a complaint which alleged that as agent of a railway company of this state he had charged the complainant for transportation as passenger on said company's road, a higher rate of compensation than was allowed by ch. 273 of 1874; and upon *habeas corpus* he was discharged from custody, on the

---

In re Langley.

---

ground that said act was unconstitutional. Upon *certiorari*, this court, having heretofore affirmed the validity of the statute (*Att'y Gen. v. R. R. Cos.*, 35 Wis., 425), reverses the order of discharge.

*The Attorney General*, for the state.

*Spooner & Baker*, for defendants.

COLE, J.    This is a *certiorari* issued from this court, directed to the county judge of St. Croix county, to bring up the proceedings had before him on the application of T. L. Langley for a writ of *habeas corpus* and to be discharged from custody.

It appears by the return made by the county judge, that the petitioner was arrested and held in custody by a constable under and by virtue of a criminal warrant issued by a justice of the peace.    The criminal warrant was founded upon a complaint in writing of one Marcus A. Fulton, which stated that the petitioner, as agent of the West Wisconsin Railway Company, had unlawfully and willfully charged Fulton, for his transportation as a passenger over the said road, a greater rate of compensation than allowed by the provisions of ch. 273, Laws of 1874.

The county judge discharged the petitioner, on the ground that the warrant issued by the justice did not state any offense, or, in other words, as we are given to understand, because ch. 273 was an unconstitutional enactment.    No other objection seems to have been taken to the regularity of the warrant or to the sufficiency of the facts stated in it.

Beyond all question the warrant shows a violation of the provisions of ch. 273 ; and as the validity of that law has been affirmed by this court in the railway injunction suits decided at the last term, it follows that the county judge erroneously discharged the petitioner from the custody of the constable.

*By the Court.* — The order of the county judge is reversed.